ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 7 2006

at 4 o'clock and 55 min P M
SUE BEITIA, CLERK

SAMUEL P. KING, JR. #1396
735 Bishop Street, Suite 304
Honolulu, Hawaii 96813
Tel. No. 521-6937

Attorney for Defendant Thomas T. M. Ho

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HITOMI NIHEI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THOMAS T. M. HO and DOE ) <br> ENTITIES 1-10, ) <br> ) <br> Defendant. ) <br> ) | CIVIL NO. CV 04-00546 HG KSC <br><br> DEFENDANT THOMAS T. M. HO'S PRETRIAL STATEMENT; CERTIFICATE OF SERVICE <br><br> Trial Date: March 29, 2006. <br> Time: 9.00 a.m. <br> Judge: Hon. Helen Gillmor |

DEFENDANT THOMAS T. M. HO'S PRETRIAL STATEMENT

Defendant THOMAS T. M. HO, by and through his attorney, SAMUEL P. KING, JR., pursuant to LR 16.6, presents his pretrial statement as follows:

(A) Party.

This pretrial statement is filed on behalf of Defendant Thomas T. M. Ho.

(B) Jurisdiction and Venue.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Sec. 1332(a)(2) and 1367, and venue is proper pursuant to 28 U.S.C.

Sec. 1391. There is no dispute as to jurisdiction or venue.

(C) <u>Substance of Action</u>.

This is a legal malpractice action by Plaintiff Hitomi Nihei ("Nihei"), a 43-year old Japanese national, against Defendant Thomas T. M. Ho ("Ho"), an immigration lawyer in Hawaii.

Nihei has been attending school in Hawaii since 1989 and had one bachelor's degree in business administration and two master's degrees in business in 1980 when she consulted Ho about how she could obtain permanent resident status in the United States. She wanted to apply for U. S. permanent status by qualifying as an investor under the Immigration Investor Law (commonly known as the EB-5 immigrant investor program) through the investment of $500,000.00 in a commercial enterprise and creating ten full-time jobs for American workers.

At Nihei's request, Ho obtained for her review a copy of the Hawaii Iki condominium development project on 88 Piikoi Street in Honolulu. In May 199 Nihei decided to invest in the project, entered into a retainer agreement with Ho whereby Ho's services were limited to representing Nihei before the U S. Immigration Service by filing the necessary immigration petition/application and attending interviews before the Service. About two months later, due to the U. S. Immigration Service's change of policy and delay in the adjudication of EB-5

2

immigrant visa petitions, Nihei withdrew her investment in the Hawaii Iki project. She still wanted to immigrate to the U. S. through investment and asked Ho to see if any other development projects were available for her EB-5 investment. About one or two months later, Sheldon Zane, a licenced Hawaii attorney and the developer of several very large real estate projects in the past, sent Ho a brochure on his retirement home development project in Kapolei. Ho informed Nihei about said brochure and she picked it up from Ho for review. About a week later, she informed Ho that she was interested in investing in Zane's project and asked Ho to arrange a meeting with Zane. Ho arranged for Nihei to meet Zane and shortly after the meeting Nihei decided to invest in Zane's project. She signed an investment agreement prepared by Zane and gave him $500,000 as her capital contribution in a new limited liability company. Some time thereafter Zane's retirement home project filed for bankruptcy. As a result of the bankruptcy filing, Ho was unable to file any application with the U. S. Immigration Service on Nihei's behalf.

      Nihei has sued Zane and his associates in the First Circuit Court of the State of Hawaii for fraud, misrepresentation and other causes of action based on fraud. That case is now pending before the U. S. Bankrupty Court because Zane has filed for personal bankruptcy. There is rumour that settlement negotiations are ongoing in that case.

Nihei has also sued Ho in the above-entitled case for failure to do due diligence on Zane's project, failure to fully inform her of the EB-5 immigration law, and breach of contract, all of which Ho denies.

(D) <u>Undisputed Facts</u>.

The following facts are undisputed:

1) Nihei entered into a legal service retainer agreement with Ho on May 13, 1998.

2) Ho told Nihei about Zane's brochure on the retirement home project in Kapolei and Nihei pick up said brochure from Ho so that she could review its contents.

3) Nihei entered into a investment agreement with Zane's company, Kapolei Manor Eldercare, LLC. in May 1999.

4) Nihei paid Zane $500,000.

(E) <u>Disputed Factual Issues</u>.

The following facts are in dispute:

1) Ho did not undertake to do due diligence on Zane's retirement home project on Nihei's behalf. His responsibility was limited to representing Nihei before the U. S. Immigration Service.

2) Nihei decided to invest in Zane's project after she studied Zane's brochure and understood its business plan and risks involved.

3) Ho had properly informed Nihei about the state of the EB-5 law before she

invested in Zane's project.

(F) <u>Relief Prayed</u>.

Ho prays that all the claims against him be dismissed.

(G) <u>Points of Law</u>.

1. Ho did not undertake and had no duty to investigate the Zane retirement project on Nihei's behalf.

2. Ho had no duty to disclose or discuss every legal manuever or strategy with Nihei. He had no duty to disclose every judgment call with Nihei.

3. Ho's action or failure to act was not the proximate cause of Nihei's loss. Zane's misrepresentation/fraud, which was not reasonably foreseeable, was the intervening cause of her loss. <u>Collins v. Greenstein</u>, 61 Haw. 26 (1979), 595 P. 2d 275;,<u>Knodle v. Waikiki Gateway Hotel Inc.</u>, 69 Haw. 376 (1987), 742 P.2d 377; <u>McKenna v. Volkswagenwerk Aktiengesellschaft</u>, 57 Haw. 460 (1977), 558 P.2d 1018; <u>Leary v. Poole</u>, 5 Haw. App. 596 (Hawaii App. 1985), 705 P.2d 62; <u>Boskoff v. Yano</u>, 57 F. Supp.2d 994 (D. Haw 1998). See also, *Prosser And Keeton on Torts*, 5th Ed., 313, 321.

(H) <u>Previous Motions</u>.

Plaintiff's motion for partial summary judgment on Plaintiff's first and second claims for relief, filed on October 26, 2005, was denied by the Court on

December 19, 2005.

(I) <u>Witnesses to be Called</u>.

Defendant intends to call the following witnesses:

1. Defendant to testify on all his dealings with Plaintiff.

2. Plaintiff to testify on her educational background and training, and her dealings with Defendant and Sheldon Zane and his associates.

3. Sheldon Zane to testify on his dealings with Plaintiff, how and why he dissipated Plaintiff's funds and what settlement, if any, he has reached with Plaintiff.

4. Ronald T. Oldenburg, Esq., to testify about the E-B law, the *Zou* case, the standard of practice of immigration attorneys in Hawaii, and his opinion as to whether Ho breached his duty of care to Plaintiff.

5. Wendy Zane to testify about her dealings with Nihei and Ho and her involvement in Nihei's case.

6. Rebuttal witnesses as needed.

(J) <u>Exhibits, Schedules and Summaries</u>.

Defendant intends to offer the following as exhibits:

1. The retainer agreement dated May 13, 1997, between Nihei and Ho, to show the terms and conditions of Ho's engagement.

6

2. The investment agreement which Nihei signed with Kapolei Manor Eldercare, LLC, in November 1999 to show the terms and conditions of her investment.

3. A copy of the complaint in the <u>Zou</u> case to show the issues involved in that case.

(K) <u>Further Discovery or Motions</u>.

Defendant is still waiting for Plaintiff's response to his request for the production of Plaintiff's college transcripts and thesis.

(L) <u>Stipulations</u>.

No statement of stipulations has been requested or proposed for pretrial or trial purposes.

(M) <u>Amendments, Dismissals</u>.

Defendant has no proposed amendments to pleadings or dismissal of parties, claims or defenses at this time.

(N) <u>Settlement Discussion</u>.

Two settlement conferences before Magistrate Judge Chang were unfruitful. Due to the vast difference between the Plaintiff's claim and the amount which Defendant is willing to settle for, further participation or negotiations are unlikely to be productive.

(O) <u>Agreed Statement</u>.

    Presentation of the action, in whole or in part, upon an agreed statement of facts is desired by Defendant.

(P) <u>Bifurcation, Separate Trial of Issues</u>.

    Bifurcation or a separate trial of specific issues is not feasible.

(Q) <u>Reference to Master or Magistrate Judge</u>.

    Reference of all or part of the action to a master or magistrate judge is not agreeable to Defendant.

(R) <u>Appointment and Limitation of Experts</u>.

    The appointment by the Court of an impartial expert witness is desired if such an expert can be found. Limitation of the number of expert witnesses is feasible and desired by Defendant.

(S) <u>Trial</u>.

    The trial of this case is scheduled on March 29, 2006, at 9.00 a.m. Trial by jury was requested by Plaintiff in her First Amended Complaint.

(T) <u>Estimate of Trial Time</u>.

    Since there will be a jury trial, it is estimated that the trial will take about five court days.

(U) <u>Claims of Privilege or Work Product</u>.

None.

(v) Miscellaneous.

None.

DATED: Honolulu, Hawaii, February 7, 2006.

                                /s/ Samuel P. King, Jr.
                            SAMUEL P. KING, JR.
                 Attorney for Defendant Thomas T. M. Ho

## CERTIFICATE OF SERVICE

I certify that a copy of the attached document was served by hand delivery on the date indicated below on the following:

Carl M. Varady 4873
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone 523-8447

Attorney for Plaintiff

DATED: Honolulu, Hawaii, February 7, 2006.

                                    _____
                                            Samuel P. King, Jr.