IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HITOMI NIHEI, | ) | Civil No. 04-00546 HG-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR PARTIAL SUMMARY** |
| THOMAS T. M. HO and DOE | ) | **JUDGMENT** |
| ENTITIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, a Japanese national, retained Defendant, as her counsel, in May 1998 to assist her in obtaining a preferred investor or EB-5 visa.  In her First Amended Complaint, Plaintiff sued Defendant alleging: (1) breach of the duty of loyalty; (2) breach of the duty of ordinary care; (3) fraud; (4) detrimental reliance; (5) intentional infliction of emotional distress; and (6) breach of contract.  Plaintiff has moved for summary judgment on her first and second claims for relief.

For the reasons set forth below, the Motion for Partial Summary Judgment is DENIED.

**PROCEDURAL HISTORY**

On September 8, 2004, Plaintiff Hitomi Nihei ("Plaintiff") filed a Complaint based on diversity of citizenship.

On October 27, 2004, Defendant Thomas T.M. Ho ("Defendant") filed an Answer.

On August 1, 2005, Plaintiff filed a Notice of Motion and Motion for Leave to File First Amended Complaint and Memorandum in Support of the Motion.

On September 23, 2005, Plaintiff filed the First Amended Complaint.

On October 26, 2005, Plaintiff filed a Notice of Hearing and Motion for Partial Summary Judgment on Plaintiff's First and Second Claims for Relief.  Plaintiff also filed the Concise Statement in Support of Plaintiff's Motion for Partial Summary Judgment on Plaintiff's First and Second Claims for Relief.

On December 1, 2005, Defendant filed a Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment on Plaintiff's First and Second Claims for Relief.

On December 12, 2005, Plaintiff filed the Reply to Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment on Plaintiff's First and Second Claims for Relief.

On December 15, 2005, Defendant filed the Concise Statement in Opposition to Plaintiff's Motion for Partial Summary Judgment on Plaintiff's First and Second Claims for Relief.

On December 16, 2005, Defendant filed the Answer to the First Amended Complaint.

On December 19, 2005, a hearing was held on Plaintiff's

Motion for Partial Summary Judgment on Plaintiff's First and Second Claims for Relief.

**FACTUAL BACKGROUND**

Plaintiff Hitomi Nihei ("Plaintiff") is a citizen of Japan who resides in Honolulu, Hawaii.  Plaintiff alleges that in May 1998, Plaintiff retained Defendant Thomas T.M. Ho ("Defendant") to provide professional services to her and, in particular, to assist her in obtaining a preferred investor or EB-5 visa to permit her to reside in the United States.  (See Plf.'s First Amend. Complaint at ¶ 5.)  Defendant contends that he was retained for the limited purpose of acting as her attorney in filing an immigrant visa petition with the United States Immigration and Naturalization Service ("INS"), accompany her to INS interviews, and, thereafter, file an application to remove the condition on her conditional permanent resident status. (Def.'s Con. Stmt. in Opp. ¶ 1.)

The then current statute, 8 U.S.C. § 1153(b)(5)(A), provided that an alien investor could qualify for preferred visa status if the alien met the statutory criteria.  Plaintiff attempted to make an investment in May 1998 but, following various developments, withdrew the deposit in October.  Defendant subsequently informed Plaintiff of another investment opportunity with Sheldon Zane, an established real estate developer and

3

licensed attorney in Hawaii.  In November 1998, at a meeting with Zane, Plaintiff delivered a check for $500,000.00 payable to Kapolei Manor Eldercare, L.L.C. ("KMC").

It is alleged that Zane and his associates had committed fraud and deceived Plaintiff and dissipated her $500,000.00 capital contribution.  Plaintiff seeks to recover damages from Defendant Ho, alleging that Defendant committed malpractice by breaching the duty of loyalty, that Defendant violated the standard for reasonable care, and that Defendant committed fraud.  Plaintiff also alleges detrimental reliance, intentional infliction of emotional distress, and breach of contract.

For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment is DENIED.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  There must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party.  Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1996).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."

T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof.  Celotex, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met simply by pointing out to the district court that there is an absence of evidence to support the nonmovant's case.  Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party must present admissible evidence showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the

5

non-moving party. State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).

Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994). Nor can the opposing party rest on conclusory statements. National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

Plaintiff retained Defendant in May 1998 to assist her in obtaining a preferred investor or EB-5 visa. Plaintiff claims that on May 13, 1998, relying on Defendant's representations, she invested $125,000.00 in a high-rise development located at 88 Piikoi Street in Honolulu, Hawaii, in support of her EB-5 application. Defendant disputes the nature of his representation of Plaintiff and contends that he did not instruct Plaintiff to invest in 88 Piikoi Development Partners ("88 PDP"), only that he

informed Plaintiff that the project was looking for investors.

The Retainer Agreement (Def.'s Ex. K), entered on May 13, 1998, sets out the scope and services to be provided by Defendant for Plaintiff.  The Retainer called for "Preparation and filing of all necessary applications to the U.S. Immigration & Naturalization Service for Client to obtain permanent resident status as an entrepreneur making a $450,000 investment in a targeted employment area; accompanying Client for interview before the U.S. Immigration & Naturalization Service as necessary; filing all necessary applications for the removal of conditions on permanent resident status of Client."

Section 5 of the Retainer Agreement, entitled "Investment Risks," states, "Client understands and assumes the risks (as stated in the Offering Memorandum) involved in making the investment in 88 Piikoi Development Partners.  Thomas T.M. Ho does not in any way guarantee success or profitability in Client's investment."

On October 8, 1999, after more than a year delay, Plaintiff requested her investment back from 88 PDP.  Defendant requested and received the return of Plaintiff's deposit.  As Plaintiff's investment had been placed in escrow, the $125,000.00 deposit was returned.  Plaintiff maintains that Defendant continued to represent her and subsequently became aware of a proposed assisted living center development in Kapolei through its president, Sheldon Zane, an established real estate developer and

licensed attorney in Hawaii.

Defendant sets forth that once he learned of the possible investment, he informed Plaintiff of the opportunity and Plaintiff picked up a brochure from his office. Defendant maintains that a few days later, Plaintiff told him that she was interested in investing in Zane's project and asked Defendant to make an appointment with Zane. The parties dispute the actions and role of Defendant. Plaintiff claims Defendant acted as an investment advisor. Defendant contends that he told Plaintiff that he would maintain the same role he had in the 88 PDP situation, meaning that it was not his policy to check on EB-5 projects for clients and that his sole responsibility as attorney would be to prepare and file necessary applications with the INS.

In November 1998, at a meeting with Zane, Plaintiff delivered a check for $500,000.00 payable to Kapolei Manor Eldercare, LLC ("KMC"). Plaintiff signed, among other things, a repurchase agreement with KMC, containing a guarantee to repurchase her interest for the full amount she paid and guaranteeing her eight-percent of all yearly profits. Zane and his associates allegedly dissipated her $500,000.00 capital contribution.

Plaintiff seeks partial summary judgment on the issues of duty of loyalty and standard of reasonable care. Plaintiff's Motion for Partial Summary Judgment is denied, as there are genuine issues of material fact.

**A.   DEFENDANT'S DUTY OF LOYALTY**

Hawaii Rule of Professional Responsibility 1.4(b) states that "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."  Plaintiff cites this rule and Comment 1 to the Rule, which explains that "The client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which the objectives are to be pursued, to the extent the client is willing and able to do so."

Plaintiff alleges that Defendant did not communicate all of the information necessary for her to make an informed decision concerning her EB-5 application and the underlying investment in KMC.  Plaintiff maintains that before she could have made an informed decision about whether to invest in any project in pursuit of an EB-5 visa, she needed to know whether the project would support an EB-5 application.

It is Plaintiff's contention that there existed Administrative Appeals Office of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1153, decisions which invalidated EB-5 applications due to the existence of repurchase agreements.  Further, Plaintiff sets forth that Defendant was aware of these precedent decisions due to his involvement with a similar case in which Defendant represented Wanxuan Zou, where Zou's EB-5

9

petition was denied because of the existence of a repurchase agreement.

Defendant disputes the allegations made by Plaintiff. Defendant argues that he did brief Plaintiff in general about the immigration problems involved in filing for the petition. Defendant maintains that he did not object to the existence of the repurchase agreement because he did not believe that the repurchase agreement would have invalidated the application. (See Affidavit of Thomas T. Ho dated 12/1/05 at ¶ 11, attached to Deft.'s Opposition "12/1/05 Ho affidavit".)

Fact and credibility questions exist as to the knowledge and understanding of both Plaintiff and Defendant.

### B.   STANDARD OF REASONABLE CARE

Plaintiff alleges that by not making every effort to insure that Plaintiff's investment would be safe, Defendant breached the standard of reasonable care.  Plaintiff sets forth that Defendant "encouraged [Plaintiff] to invest in KMC, knowing that she could not obtain an EB-5 visa because of the repurchase agreement." (Pl.'s Motion at 18.)  Plaintiff also argues that Defendant should have suggested that she place the investment in escrow until her application was approved.

Defendant maintains that he was only retained to obtain the desired immigration benefit for Plaintiff, and that he did not undertake to protect Plaintiff's financial interest.  (See

10

12/1/05 Ho Affidavit at ¶ 13.)  Defendant sets forth that he did not object to the existence of the repurchase agreement because he did not believe that the repurchase agreement would have invalidated the application.  (See id. at ¶ 11.)  Defendant also maintains that Plaintiff had knowledge of escrow accounts from her prior investment in the 88 PDP project.  (See Def.'s Opp. at 2.)  Defendant also alleges that there was no escrow option available to Plaintiff for the KMC project.  (12/1/05 Ho Affidavit at ¶ 3.)

Defendant points out Plaintiff's bachelor's degree in business administration and two masters' degrees in business from Chaminade University, an American educational institution located in Honolulu, Hawaii.  There is a factual issue as to Plaintiff's understanding of the business arrangements into which she entered.

The scope of Defendant's services, Plaintiff's agreement regarding the services, and the care actually exercised in providing the services are questions for the jury.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY ORDERS:

Plaintiff's Motion for Partial Summary Judgment alleging breach of the duty of loyalty is DENIED.

Plaintiff's Motion for Partial Summary Judgment alleging breach of the duty of ordinary care is DENIED.

Plaintiff's six claims alleged in her First Amended

11

Complaint remain before the Court.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, June 8, 2006.



    **/s/ Helen Gillmor**
Chief United States District Judge

Hitomi Nihei v. Thomas T.M. Ho and Doe Entities 1-10, Civil No. 04-00546 HG-KSC; **ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**